BROCKENBROUGH, J.
delivered the opinion of the Court.
The Defendant had been indicted for bigamy in Montgomery Superior Court, and by order of that Court he had entered into a recognizance in the sum of $500, with sundry sureties in a like sum, before two Justices in September, 1827, conditioned for his appearance at the next Term of the said Court, to be held in April, 1828, to answer to the Indictment, and not to depart thence without leave of the Court. At the ensuing Term he failed to appear, and his default was recorded. A rule was then entered against him, and his sureties, returnable to the next Term in September, to show cause why a Scire Facias should not be awarded against him, and them. At the following Term in September, 1828, he appeared in custody, and on the motion of the Attorney for the Commonwealth, he was *iaken into custody. The sureties then offered him as a witness to prove, that some time previous to the April Term, when he ought to have appeared, he has been engaged in a rencontre, by which he was so severely wounded and maimed that his life was despaired of, and he was thereby rendered unable to attend at the April Term agreeably to his recognizance. They also offered to prove by sundry affidavits, and other evidence, that he was rendered unable by the causes aforesaid, to attend. Whereupon, the Superior Court adjourned to this Court the following questions for decision :
1st. Is the said Laney Gentry a competent witness to prove his inability to attend, and ought the Court to hear him on this motion?
2d. If the affidavits to prove his crippled and wounded state, and his inability to attend, is that a sufficient excuse to discharge the sureties from their recognizance, and ought the Court to discharge them, upon the above facts being proved, either by Gentry, or other evidence?
3d. Are affidavits sufficient, without requiring the presence of the witnesses in Court?
On the first question, the Court is of opinion that the said Gentry is not a competent witness in behalf of his sureties, seeing that by discharging them, he discharges himself from the payment of the sum for which the sureties are bound to the Commonwealth. If they should be compelled to pay the amount of the recognizance for which they are bound, they, as his sureties, would have a right to recover from him the amount so paid. Although he does not discharge himself, by his evidence in their favor, from the $500 for which he is severally bound, yet by discharging them from the payment of the like sum for which they are bound, he prevents them from recovering against himself the said sum, and therefore is directly interested.
On the second question, it appears clear that the Courts of Oyer and Terminer have the right, at any time before *a recognizance is estreated, either to estreat, or spare it. This is a discretion vested in them, for the obvious purpose of remitting the obligation in a hard case. Estreats are strictly speaking, not known in this State, but by analogy to the practice in England, the Courts here, have certainly the power to spare the recognizance, at least, at any time before the Scire Facias awarded. If the Court of Montgomery was satisfied by competent evidence, that the recognizor was disabled by his wounds from attending the Court, it is reasonable and just that his misfortune should not be visited upon him, and his sureties, particularly, as by his appearance afterwards, the ends of public justice will be answered: and in such case, the Court ought not to award any Sci. Fa. against them.
3. As a motion like the present is addressed to the sound discretion of the Court, and there is yet no suit depending in which witnesses could be required to attend, by any compulsory process, it is proper to receive either affidavits, or the testimony of witnesses examined in open Court, or both, as may be convenient. The Court should be well satisfied, in relation to the proof by affidavits, that they have been fairly taken, and show fully and clearly the matter relied upon as cause for sparing the recognizance.
The Judgment of this Court is to be certified to the Superior Court of Montgomery, conformably to the opinion now expressed.